```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Franklin Whaley,

      Plaintiff,

    v.                          Case No. 2:16-cv-375

Asset Management Services
Group, LLC,

      Defendant.

## OPINION AND ORDER

This is an action filed on April 27, 2016, by plaintiff Franklin Whaley. Plaintiff asserted claims against Asset Management Services Group, LLC, under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq., and the Ohio Consumer Sales Practices Act, Ohio Rev. Code §1345.01, et seq. A return of service was filed on May 9, 2016. Doc. 3. After defendant failed to file an answer, plaintiff filed a request for entry of default on May 26, 2016. An entry of default was filed by the clerk on May 27, 2016. On June 7, 2016, plaintiff filed a motion for default judgment (Doc. 6) and mailed a copy of the motion to defendant. Defendant has filed no pleading in this action. This matter is now before the court for a ruling on the motion for default judgment. Because the appropriate certificate of service is on file with the record, and because the record demonstrates that defendant has failed to plead or otherwise defend in this action, plaintiff is entitled to default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

The court must now determine the amount of damages to be awarded in this case. Plaintiff seeks an award of damages in the amount of $5,000.00, consisting of $4,000.00 in actual damages and

$1,000.00 in statutory damages, an award of attorney's fees in the amount of $2,255.00, and an award of costs in the amount of $425.00.

I. Damages

The FDCPA authorizes an award of actual damages sustained by the plaintiff as a result of the defendant's failure to comply with the Act.  15 U.S.C. §1692k(a)(1).  In addition to an award for pecuniary damages, the FDCPA permits recovery of actual damages for emotional distress, including humiliation, embarrassment, mental anguish, and emotional distress.  Davis v. Creditors Interchange Receivable Management, LLC, 585 F.Supp.2d 968, 971 (N.D.Ohio 2008).  The FDCPA does not require plaintiff to satisfy the state law elements of intentional or negligent infliction of emotional distress in order to recover damages for emotional distress.  Id. at 971-77.  The testimony of the plaintiff alone may suffice to establish emotional distress damages provided that a reasonable explanation is provided about the circumstances of the injury, not mere conclusory statements.  Bach v. First Union Nat'l Bank, 149 F.App'x 354, 361 (6th Cir. 2005).

In this case, plaintiff submitted a signed declaration describing the circumstances of the violations in the instant case. Doc. 6-3.  According to this declaration, plaintiff obtained a Visa credit card through Household Bank in 2010, with a credit limit of $300.  After he exceeded his credit limit, he defaulted on the loan.  In late 2011, he was contacted by Hoffman, Weinbert & O'Brien, a debt collector acting on behalf of Household Bank, and reached an agreement with them to settle the debt, including fees and other charges, for $800.  Attached to the motion is a copy of

2

the November 23, 2011, letter to plaintiff from Hoffman, Weinberg & O'Brien stating that letter would serve as a discharge of debt and proof that the debt had been paid in full in the amount of $800.

In early 2016, plaintiff was contacted by defendant concerning the same debt. Plaintiff offered to provide proof that the debt had been paid, but defendant told plaintiff that he had been "scammed" and that he still owed a debt of $2,000. Defendant demanded that plaintiff allow defendant access to his bank account so that defendant could withdraw three monthly payments totaling $2,000. Plaintiff never received any written communication from defendant concerning the debt or his right to dispute it. Plaintiff stated that "this went back and forth for several months" until he finally secured counsel. Even after defendant was advised by counsel to have no further contact with plaintiff, the caller ID on plaintiff's telephone showed defendant's number on three occasions. See also Doc 6-4, Declaration of Steven C. Shane.

Plaintiff further stated that in 2000, he was in a motorcycle accident and suffered severe head trauma and brain injury. Since that time, he has received social security disability benefits. Plaintiff indicated that his condition causes him to react with great anxiety when confronted with any stressful situation such as he experienced due to defendant's conduct, and that he experienced difficulty sleeping and a loss of appetite as a result of his contacts with defendant. Whenever he spoke with defendant, he immediately became so frustrated that he was unable to express himself coherently.

The court concludes that plaintiff has provided more than mere

3

conclusory statements in support of his request for actual damages due to mental anguish and emotional distress, and that the requested award of $4,000.00 is appropriate in this case.

II. Statutory Damages

Plaintiff also requests an award of $1,000.00 in statutory damages. The FDCPA also provides for an award of statutory damages, or "such additional damages as the court may allow, but not exceeding $1,000[.]" 15 U.S.C. §1692k(a)(2)(A). In determining what constitutes an appropriate award under §1692k(a)(2)(A), the court considers such factors as the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional. 15 U.S.C. §1692k(b)(1). Here, the plaintiff's declaration indicates that defendant made false representations concerning the character, amount or legal status of the debt in violation of 15 U.S.C. §1692e(2), and improperly communicated with plaintiff when it knew that plaintiff was represented by counsel in violation of 15 U.S.C. §1692c(a)(2). The defendant's effort to collect the debt went on for a period of months. The circumstances surrounding defendant's efforts to collect a debt over four years after it had been fully discharged suggest that defendant's conduct was not only intentional, but potentially fraudulent. The court finds that an award of statutory damages in the amount of $1,000.00 is appropriate in this case.

III. Attorney's Fees and Costs

The FDCPA also authorizes and award of "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. §1692k(a)(3). The court must determine a

lodestar amount which is calculated by multiplying the number of hours reasonably expended in the litigation by counsel by a reasonable hourly rate. Imwalle v. Reliance Med. Prod., Inc., 515 F.3d 531, 551-52 (6th Cir. 2008). The court considers the market rate that lawyers of comparable skill and experience can reasonably be expected to command within the venue of the court of record. Adcock-Ladd v. Secretary of Treasury, 227 F.3d 343, 350 (6th Cir. 2000). Evidence of rates awarded in previous similar cases can be considered as evidence of the market rate. Van Horn v. Nationwide Prop. & Cas. Ins. Co., 436 F. App'x 496, 698-99 (6th Cir. 2011); Dowling v. Litton Loan Servicing LP, 320 F. App'x 442, 447 (6th Cir. 2009).

Counsel has submitted a billing record reflecting 8.2 hours expended in this case interviewing plaintiff, investigating the case, and drafting letters and pleadings from April 19, 2016, to June 6, 2016. See Doc. 7. The court finds that this number of hours was reasonably expended by counsel in this case.

Counsel suggests that fees at the rate of $275 per hour is reasonable in this case. Counsel has submitted a declaration stating that he has practiced law since 1973. Doc. 8. Since 1975, counsel has specialized almost exclusively in consumer law and has filed and litigated in excess of one thousand cases involving state and federal consumer law claims. He stated in his declaration that he was awarded fees based on the $275 hourly rate by another judge of this court in Fryant v. Levy & Associates, 2:12-cr-444 (S.D.Ohio). In Thompson v. Rosenthal, No. 2:14-cv-37, 2014 WL 7185313 (S.D.Ohio, Dec. 16, 2014) adopted, 2015 WL 235235 (S.D.Ohio Jan. 16, 2015), this court adopted the report and recommendation of

5

the magistrate judge and concluded that an award of $4,000 in compensatory damages, $1,000 in statutory damages, and attorney's fees at the hourly rate of $400 for an attorney with more than thirty years of experience was appropriate.  The hourly rate requested by counsel in this case is significantly less than that.

The court finds that the suggested hourly rate of $275 is reasonable  in this case, and will award attorney's fees in the amount of $2,255.00.  The court will also award costs in the amount of $425.00, consisting of the $400.00 filing fee and $25.00 for the cost of service.

IV. Conclusion

In accordance with the foregoing, the motion for default judgment (Doc. 6) is granted.  Plaintiff is awarded a total sum of $7,680.00, consisting of the following: $4,000.00 in actual damages under §1692k(a)(1), and $1,000.00 in statutory damages under §1692k(a)(2)(A), as well as $2,255.00 in attorney's fees and $425.00 in costs under §1692k(a)(3).  The clerk is directed to enter final judgment in favor of plaintiff.

Date: October 21, 2016                  s/James L. Graham
                                          James L. Graham
                                          United States District Judge